# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| EMILY FAVORS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-14-784-R |
| | ) | |
| JOHN M CAMPBELL & CO., a/k/a | ) | |
| PETROSKILLS-JMC, LLC and | ) | |
| PETROSKILLS, INC., | ) | |
| Defendants. | ) | |

## ORDER

Defendant Petroskills, LLC. has filed a Motion to Dismiss Plaintiff's Amended Petition (Doc. No. 18) pursuant to Rule 12(b)(6), asserting that Plaintiff's claims against it should be dismissed, because it was not her employer and thus cannot be held liable for her termination, which was allegedly in violation of the Americans with Disabilities Act and the Family Medical Leave Act. (Doc. No. 18). Plaintiff responded in opposition to the motion. In support of its motion Defendant attached exhibits beyond the scope of the pleadings, although Defendant does not ask the Court to convert the motion to a motion for partial summary judgment nor does it contend that the documents are "referred to in the complaint and . . . central to the plaintiff's claim." *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir.1997). Plaintiff attached her complaint and the documents appended thereto. *Indus. Constructors Corp. v. United States Bureau of Reclamation*, 15 F.3d 963, 964–65 (10th Cir.1994)(exhibits attached to a complaint are properly treated as part of the pleadings for purposes of a motion to dismiss). The Court declines to convert the motion to dismiss to a motion for summary judgment.

PetroSkills, LLC contends it was not Plaintiff's former employer, and that she was at all times an employee of John M. Campbell and Company, which is a separate and distinct entity from PetroSkills, LLC, which never employed Plaintiff. The Court, however, must accept Plaintiff's well pleaded allegations as true, and she pled in the Amended Complaint that John M Campbell and Company was acquired by Defendant PetroSkills in November 2012. She further alleges that a document entitled Job Posting Program is provided as a "benefit for PetroSkills employees." The entity referred to as PetroSkills in the listing indicates that "it retains sole discretion over all conditions of employment, including the method and means of hiring, transferring, and promoting its employees." *Id.* Plaintiff also cited her termination letter, wherein it states that Plaintiff's "employment with PetroSkills ended effective September 4, 2013." The letter requests that return of all property owned by PEtroSkills to human resources and bears the PetroSkills logo, and was signed by an employee whose email address identifies hers as affiliated with PetroSkills. After her employment was terminated, Plaintiff received information regarding COBRA coverage with a PetroSkills heading and including contact information for a PetroSkills human resources employee. The Court finds that at this juncture, in the context of a motion to dismiss, that dismissal is inappropriate.[1]

---

[1] The cases cited by Defendant involve summary judgment motions or bench trials, none was a motion to dismiss.

For the reasons set forth herein, Petroskills, LLC's Motion to Dismiss is DENIED.

IT IS SO ORDERED this 6th day of January, 2015.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE